# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

November 10, 2025

**BY ECF**

Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    Olson v. McBride Law Firm, PLLC
                  <u>Case 1:25-cv-08684-NRB</u>

Dear Judge Buchwald:

We represent defendants in the referenced matter, and submit this request, pursuant to Your Honor's Individual Practices, for a pre-motion conference concerning defendants' intention to file a motion to dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6).

This is a complaint for infringement of the copyright in an expert report authored by the plaintiff and filed by certain parties in the U.S. District Court for the District of Columbia in support of a venue motion in one of the January 6th prosecutions. The gravamen of the report was that, based on survey data, jurors in that district were highly likely to be biased against defendants accused of unlawful conduct related to the events that occurred in that district on January 6, 2021.

Defendants, a criminal defense attorney and his law firm, represented other parties who were charged with offenses relating to the January 6th demonstrations. In this lawsuit, they are accused of downloading that report from PACER and filing it to support their own venue motion. Plaintiff seeks relief for infringement of copyright.

The factual background is simple. In 2022, defendants attached Olson's report as an exhibit in support of a venue motion. That same report had already been publicly filed on PACER by counsel for the Oath Keepers months earlier. Plaintiff did not register her copyright until December 2022. She now claims that by re-filing a document already on the federal docket, these defendants committed infringement.

Hon. Naomi Reice Buchwald, U.S.D.J.                                          November 10, 2025

The present suit is not the plaintiff's first attempt to seek copyright damages for use of an expert report commissioned and paid for by another case. In In Lux Research v. Hull McGuire, filed in the District of Columbia (1:23-cv-00523-JEB), plaintiff sued other lawyers for the same thing. The court dismissed the copyright claim, holding that the complaint failed to allege volitional infringement by any defendant other than the original filer. As to that filer, attorney John Daniel Hull, the remaining claims against him and his firm went to trial earlier this year and ultimately resulted in a judgment denying the copyright claims and awarding contract damages.[1]

Defendants propose, in their motion to dismiss, to argue that the alleged use—filing a document as part of a federal court record—is not, as a matter of copyright law, a "use" of the work at all. If, however, the facts here are found to implicate a prima facie "use," such use falls squarely within the doctrine of fair use codified in 17 U.S.C. § 107, which is a mixed question of law and fact that may be decided on the pleadings when the works and context are before the court, as is the case here. Indeed, in Hollander v. Steinberg, 419 F. App'x 44 (2d Cir. 2011), the defendant filed the plaintiff's essays in litigation. The court affirmed summary judgment dismissing the copyright claim, holding:

- "The 'purpose and character' of that use was not commercial, but rather part of a litigation strategy."
- "In judicial proceedings, litigants regularly reproduce documents in full."
- "The market effect was minimal because access to court filings is cumbersome."

The Fourth Circuit's reasoning in Bond v. Blum, 317 F.3d 385 (4th Cir. 2003), reinforces this point. There, a defendant submitted an unpublished manuscript as evidence in court. The court held the use to be fair, emphasizing that "the purpose of the use was evidentiary," that the copying was "reasonable in relation to that purpose," and that "the use had no discernible effect on the potential market."  See also, Swatch Group Management Services v. Bloomberg L.P., 742 F.3d 17 (2d Cir. 2014) (publisher's unaltered publication of an entire recording of a corporate earnings call was fair use because it "served the important public purpose of disseminating important financial information" and because "copying may be fair even without new expression if it serves an important informational purpose"); Authors Guild v. Google, Inc., 804 F.3d 202 (2d Cir. 2015) (assertion of speculative "licensing markets" cannot trump fair use).

Plaintiff, finally, has no remedies as a matter of law. The Copyright Act provides only two forms of monetary recovery: actual damages or profits under § 504(b), or statutory damages and fees under §§ 504(c) and 505. Section 412 forecloses the latter for any infringement that "commenced" before registration, as would be the case here; plaintiff's registration post-dates both the filing and the infringement.  The "Copyright Act's remedies are exclusive," moreover, barring punitive awards. On Davis v. The Gap, Inc., 246 F.3d 152, 159–60 (2d Cir. 2001).

---

[1] Plaintiff was represented by the same counsel in that matter as she is here.  Defendant Hull and his firm were represented by the undersigned.

Hon. Naomi Reice Buchwald, U.S.D.J.                                                                November 10, 2025

This case is just a terrible idea, and its continuation would be a disaster for public policy. It is a matter of public record that plaintiff's report—for which she has been paid at the agreed-upon rate—had, long before defendants uploaded it, been publicly disseminated and was circulating among multiple defense teams when defendants included it in support of their own clients' motion. The defendants' conduct was made in good faith reliance on other counsel's public court filings and undertaken to serve the court's truth-seeking function and in defense of their clients' constitutional rights. A spot review of January 6th dockets shows polling studies often attached as exhibits in motions to transfer venue by defendants who likely did not pay for the "right" to use them.

Nor are January 6th cases the only ones in which such a practice can be observed. Is a new cottage industry for copyright claims based on recycled expert reports in the making? Nothing in the Copyright Act suggests that Congress ever intended such a result, and for this reason, defendants request that they be permitted to move for dismissal of this action.

Respectfully submitted,

*[signature]*

Ronald D. Coleman