

November 13, 2025

**Via ECF & BuchwaldNYSDChambers@nysd.uscourts.gov (courtesy copy)**

Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court
500 Pearl St., Courtroom 21A
New York, NY 10007-1312

Re: *Lindsay Olson v. McBride Law Firm, PLLC et. al.*, 1:25-cv-08684-NRB

Dear Judge Buchwald:

    I represent Plaintiff Lindsay Olson ("Olson"). I write pursuant to Your Honor's Individual Practices and in response to Defendants McBride Law Firm, PLLC and Joseph D. McBride's (the "McBride Defendants") letter request for a pre-motion conference (the "Letter") concerning Defendants' intention to file a motion to dismiss. The Letter functions as a mini-brief, arguing policy points or issues only appropriate for summary judgment, rather than concisely identifying the proposed bases for dismissal. A motion to dismiss would prove futile; therefore, Plaintiff respectfully opposes Defendants' request.

    Plaintiff's infringement claim is plausibly alleged under the *Twombly* standard and raises a right to relief above the speculative level. Plaintiff owns a valid copyright in the work (the "Report") and registered it with the Copyright Office. Defendants copied the Report, attached it to a motion in a criminal case for a commercial purpose in providing legal services, and publicly displayed a copy of the Report in its entirety, all without Plaintiff's authorization, causing $30,000 in damages.

    Plaintiff alleges that the Report was created and made commercially available for use in venue change motions for criminal defendants facing jury trials in D.C. for crimes related to the storming of the Capitol on January 6, 2021. Plaintiff alleges that the price she was paid by others and the Report's market price is $30,000. Plaintiff alleges that there was a limited market for her Report and that Defendants were included in that market. Further, Plaintiff alleges that Defendants, without authorization or payment, exploited the Report for the exact same purpose as the Report was created and that this unauthorized use served as a substitute for an authorized copy of the Report. This is not hypothetical market harm — Defendants directly substituted Plaintiff's Report by depriving Plaintiff of the $30,000 licensing fee for an authorized copy.

    Defendants admit that Plaintiff authored and registered the Report, and that she charged other attorneys to use it. Defendants concede that they copied and filed, for public display, Olson's copyrighted Report. They concede that they obtained the Report from another, separate J6 case, made a copy, filed that copy in full, without permission or license, in *U.S. v. Barnett*, 1:21-cr-00038 (D.D.C.), to support a venue-transfer motion—for the very purpose for which the Report

was originally created. That undisputed conduct is sufficient to prevail on a claim for infringement of the reproduction and public display right under 17 U.S.C. § 106.

The McBride Defendants assert that filing a copy of a copyrighted work "as part of a federal court record" is not an actual "use" under the Copyright Act. This is contrary to decades of precedent recognizing that reproduction and public display of a work—even in litigation—constitute acts of infringement, especially when the filing and public display of the Report is a substitute for an authorized copy.

The McBride Defendants hedge that even if they used the Report under copyright law, they are protected by "fair use." They cite several cases explaining that the use of copyrighted material may be fair use when used *as evidence* in litigation. Their use of the Report was not evidence in the underlying J6 criminal trial – it was used for a procedural argument to support their venue transfer motion. It was optional. It was commercial. And it was infringement.

Defendants hallucinated the history regarding another case where a D.C. court denied a motion to dismiss by defendants for substantially similar infringing conduct as alleged herein against the McBride Defendants. In *In Lux Research v. Hull McGuire, et. al.*, a group of lawyers exploited two of Plaintiff's copyrighted reports, the first one being the Report at issue here. As to the second report, the court dismissed all attorneys who did not cause the public display of the other report. The filer, Dan Hull, of the second report had also contracted for a license for that report, failed to pay, and was tried to verdict, with judgment entered for $30,000, plus costs and interest. Regarding this Report, the lawyers who filed it without payment or authorization, attempted just what the McBride Defendants did here – move to dismiss based on fair use.[1]

Defendants omit the DC court's reasoning in denying that motion; Plaintiff fills the gaps. Critically, the DC Court noted that those defendants never addressed the multiple cases with analogous fact patterns which found "the use of copyrighted material created for the purpose of litigation or arbitration in a separate litigation — *i.e.*, for the same purpose for which the work was created — is <u>not</u> fair use. *See, e.g., Images Audio Visuals Prods., Inc. v. Perini Bldg. Co.,* 91 F. Supp. 2d 1075, 1077–81 (E.D. Mich. 2000); *Newegg Inc. v. Ezra Sutton, P.A.,* 2016 WL 674629, at *2 (C.D. Cal. Sept. 13, 2016); *Ross v. Miller's Rexall Drugs, Inc.,* 1990 WL 314290, at *1 (Ga. Super. Oct. 10, 1990); *see also* William F. Patry, *Patry on Fair Use* § 3:72 (2017) (noting that "[c]ourts have taken an appropriately dim view of efforts by litigants to avoid paying third parties' licensing fees for materials to be used in litigation"). *See In Lux Rsch. v. Hull McGuire PC*, No. CV 23-523 (JEB), 2024 WL 774858, at *4 (D.D.C. Feb. 26, 2024).

Not surprisingly, the Letter fails to cite a single case on point that distinguishes what Judge Boasberg held in denying the motion to dismiss for infringement of the same Report. Additionally, the McBride Defendants fail to acknowledge that a fair use defense is rarely decided at the motion to dismiss stage, absent exceptional circumstances:

> "In determining whether use made of a work ... is a fair use," the Court must consider among other things: "(1) the purpose and character of the use, including whether such use

---

[1] The Hassan Defendants and Jauregui Defendants, each law firms and their principals, resolved the infringement claim for the Report shortly after the Court's ruling denying dismissal.

2

is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

Fair use is thus a "mixed question of law and fact" and normally calls for an extensive review of the factual record generated by discovery. *Harper & Row Publishers, Inc. v. Nat'l Enters.*, 471 U.S. 539, 560 (1985); *see also Nichols v. Club for Growth Action*, 235 F. Supp. 3d 289, 295 (D.D.C. 2017) ("[F]air use is not traditionally decided on a motion to dismiss.").

*In Lux Rsch. v. Hull McGuire PC*, No. CV 23-523 (JEB), 2024 WL 774858, at *3 (D.D.C. Feb. 26, 2024).

None of the cases Defendants cite are on point here. *See*, *Bond v. Blum*, 317 F.3d 385, 394 (4th Cir. 2003), *abrogated by Kirtsaeng v. John Wiley & Sons, Inc.,* 579 U.S. 197, 136 S. Ct. 1979, 195 L. Ed. 2d 368 (2016) (affirming fair use finding on summary judgment defendants' use of manuscript written by unfit parent as actual evidence in the child-custody proceeding, with no market effect on a journal of admitted bad deeds); *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.,* 742 F.3d 17, 22 (2d Cir. 2014) (finding fair use at the summary judgment stage of audio recording of earnings that deemed akin to news reporting); *Authors Guild v. Google, Inc.,* 804 F.3d 202, 219 (2d Cir. 2015) (finding Google's transformative purpose and absence of significant substitutive competition fair use at the summary judgment stage), and *Hollander v. Steinberg*, 419 F. App'x 44, 47 (2d Cir. 2011) (finding fair use for essays that Plaintiff used in judicial proceedings at the summary judgment stage).

The McBride Defendants did not simply "download from PACER" the Report; they misappropriated Plaintiff's copyrighted Report for use in a litigation argument—a quintessentially commercial and non-transformative use. In other words, the Report was used by the McBride Defendants *for very same purpose* that it was authored: in support of a venue transfer motion.

The Letter also bizarrely argues that Plaintiff has no remedy. Prior to filing suit, Plaintiff registered her work on December 8, 2022. She is entitled to actual damages, which is plausibly calculated as the fair market value of a licensing fee, plus profits attributable to infringement, less deductible expenses. See 17 U.S.C. § 504(b). Plaintiff has licensed her Report for $30,000.

Because the Complaint plausibly alleges copyright ownership of the Report, unauthorized copying, public display and damages, and because Defendants fail to demonstrate why this is an exceptional case where fair use of the Report can be determined at this stage, a Rule 12(b)(6) motion would prove futile. Plaintiff respectfully requests that the Court deny leave to file a motion to dismiss, and order Defendants to answer the Complaint.

Sincerely,

James Bartolomei, Esq.