

January 18, 2026

**Via ECF**

Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court
500 Pearl St., Courtroom 21A
New York, NY 10007-1312

Re: *Lindsay Olson v. McBride Law Firm, PLLC et. al.*, 1:25-cv-08684-NRB

Dear Judge Buchwald:

     I represent Plaintiff Lindsay Olson in the above-referenced action. Pursuant to Your Honor's Individual Practices (2(C)1), I write to summarize the substantive arguments advanced in Plaintiff's Memorandum of Law in Opposition (Dkt.20) to Defendants' Motion to Dismiss (the "Motion") (Dkt. 18). Plaintiff respectfully requests oral arguments.

     As this Court made clear at the December 11, 2025 pre-motion conference, Defendants McBride Law Firm, PLLC and Joseph D. McBride (the "McBride Defendants") do not meet the standard for a fair use defense, particularly given the commercial nature of their conduct. Defendants, a private law firm and its owner, admit they obtained Plaintiff's copyrighted expert report—a work Plaintiff licensed for $30,000—and filed copy on the public docket in *United States v. Barnett* to support a venue transfer motion, causing reproduction, distribution and/or display right violations under the Copyright Act. This was the same commercial purpose for which the Report was created.

     Defendants also intentionally fail to address a prior adverse ruling that the Court specifically cited at the December 2026 hearing. See *In Lux Rsch. v. Hull McGuire PC*, 2024 WL 774858, at *4 (D.D.C. Feb. 26, 2024). Defendants now ask this Court to validate a theory of "piracy-by-litigation," arguing that copyright law does not apply to attorneys who steal work to subsidize their for-profit defense of criminal clients. Defense Counsel is also responsible for vexatiously multiplying and delaying the proceedings.

     **1. Filing on ECF Constitutes Copyright Infringement.** Defendants' threshold argument—that filing a document on ECF is not a "use" under the Copyright Act—contradicts the plain text of 17 U.S.C. § 106 and Second Circuit precedent. By downloading the Report and re-uploading a copy of it to the *Barnett* docket, Defendants created a new copy and distributed it to the public. See *Pearson Educ., Inc. v. Ishayev*, 963 F. Supp. 2d 239, 251 (S.D.N.Y. 2013) (uploading a file constitutes infringement). The Second Circuit implicitly recognizes that filing documents in court implicates copyright rights; otherwise, the fact-intensive fair use analysis mandated in cases like *Hollander v. Steinberg*, 419 F. App'x 44 (2d Cir. 2011), would be unnecessary.

**2. Defendants' Fair Use Defense Fails.** Fair use is an affirmative defense rarely decided on a motion to dismiss. See *Authors Guild v. Google, Inc.*, 804 F.3d 202, 212 (2d Cir. 2015). Defendants cannot establish fair use on the face of the Complaint because all four factors weigh against them:

**Purpose and Character:** Defendants' use was non-transformative and commercial. They used the Report for the same purpose for which it was created: to support a motion to change venue. They used it as a tool to win a motion, avoiding the $30,000 licensing fee to increase their profit margin by $30,000. See *In Lux Rsch. v. Hull McGuire PC*, 2024 WL 774858, at *4 (D.D.C. Feb. 26, 2024) (rejecting fair use for this specific April 2022 Report, resulting in settlement thereafter).

**Nature of the Work**: The Report is an original, creative, and an analytical work based on Plaintiff's "special technical knowledge," not a mere recitation of facts.

**Amount and Substantiality:** Defendants copied the Report in its entirety to capture its full commercial value.

**Market Effect:** Defendants' use is a direct market substitute. If such conduct were permitted, it would destroy the market for litigation-support copyrighted works because no attorney would pay for expert reports that could be pirated for free.

**3. Constitutional Rights Do Not Authorize Theft**. Defendants' attempts to cloak their infringement in the First Amendment and Due Process Clause are meritless. While the Constitution guarantees a criminal defendant the right to counsel, it does not grant a right to a free defense subsidized by third-party authors. Defense attorneys routinely pay for commercial tools like Westlaw, transcripts, and experts; Plaintiff's Report is no different. "Courts have taken an appropriately dim view of efforts by litigants to avoid paying third parties' licensing fees for materials to be used in litigation." *In Lux Rsch.*, 2024 WL 774858 at *4. Access to a document filed in Court does not automatically convert into a license for free use.

**4. The Complaint is Timely Under the Discovery Rule.** The Second Circuit applies the discovery rule: a claim accrues when the plaintiff discovers, or with due diligence should have discovered, the infringement. *Psihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120 (2d Cir. 2014). Plaintiff pled that she discovered the infringement "within the last 60 days" of filing her complaint. Finding infringement from a legal use in the separate *Oath Keepers* case did not put Plaintiff on inquiry notice regarding the McBride Defendants' infringement in the *Barnett* case or any other case where the Report was pirated. Whether Plaintiff "should have known" earlier is a question of fact inappropriate for resolution on a motion to dismiss.

**5. Plaintiff Seeks Actual Damages**. Defendants' argument regarding the bar on statutory damages under 17 U.S.C. § 412 is moot because Plaintiff explicitly seeks actual damages—specifically, a $30,000 lost licensing fee plus disgorgement of Defendants' profits and saved expenses. See 17 U.S.C. § 504(b).

Defendants concede they copied Plaintiff's Report for its intended commercial purpose. Their defenses are unsupported by law. Defense Counsel's decision to file this Motion—despite

2

this Court's clear guidance and warning during the pre-motion conference regarding the futility of a fair use defense—has vexatiously multiplied and delayed these proceedings, wasting Plaintiff's limited resources. *See* 28 U.S.C. § 1927.

    Plaintiff respectfully requests that the Motion be denied.

Sincerely,

*/s/ James Bartolomei*

James Bartolomei, Esq.