**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Ronald D. Coleman
COLEMAN LAW FIRM, PC
1430 Broadway, Ste. 1802
New York, NY 10018
973-264-9611
rcoleman@colemanlaw-pc.com
*Attorneys for Defendants McBride Law Firm, PLLC*
  *and Joseph D. McBride*

| | |
|---|---|
| LINDSAY OLSON, <br><br> *Plaintiff,* <br><br> v. <br><br> MCBRIDE LAW FIRM, PLLC, and JOSEPH D. MCBRIDE, <br><br> *Defendants.* | Case No. 1:25-cv-08684-NRB <br><br><br> **ANSWER AND JURY DEMAND** |

Defendants McBride Law Firm, PLLC and Joseph D. McBride, by their undersigned counsel, defend and answer the Complaint herein as follows:

**ANSWER**

**INTRODUCTION**

1.  Denied.

2.  Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

3.  Denied, except that Defendants admit that Plaintiff purports to assert a claim for copyright infringement.

4.  Denied, except that Defendants admit that on September 23, 2022 they filed, on behalf of their client Richard Barnett, a motion to dismiss the indictment and, in the alternative, to transfer

venue in United States v. Barnett, No. 1:21-cr-00038 (CRC) (D.D.C.), to which was attached a document already on the public docket of that court.

5.    Denied.

6.    Denied, except that Defendants admit that they represented Richard Barnett in United States v. Barnett, No. 1:21-cr-00038 (CRC) (D.D.C.), and that Mr. Barnett was convicted following a jury trial.

7.    Denied.

### PARTIES

8.    Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

9.    Admitted.

10.    Admitted.

11.    Denied.

### JURISDICTION AND VENUE

12.    Admitted that Plaintiff purports to assert a claim arising under the Copyright Act, 17 U.S.C. §§ 101 et seq.; otherwise denied.

13.    Admitted.

14.    No response is required to this paragraph, which quotes a statute.

15.    Admitted that venue is proper in this District and that this Court has personal jurisdiction over Defendants; otherwise denied.

16.    Admitted that this Court has personal jurisdiction over Defendants; otherwise denied.

**FACTUAL ALLEGATIONS**

17. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

18. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

19. Denied.

20. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph. Defendants admit that documents were filed on the public dockets of the United States District Court for the District of Columbia in the cases identified in this paragraph.

26. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

27. Denied.

28. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

29. Denied.

30. Denied, except that Defendants admit that on September 23, 2022 they filed a motion in United States v. Barnett, No. 1:21-cr-00038 (CRC) (D.D.C.) (ECF No. 81), to which was

attached a copy of a document already filed on the public dockets of that court and publicly available through PACER.

31. Denied.

32. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

33. Denied.

34. Denied.

35. Denied.

36. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

37. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

38. Denied.

39. Denied.

40. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

41. Denied.

42. Denied.

43. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

44. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

45. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

46. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

47. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

48. Denied, except that Defendants admit that the document was attached to a motion filed on behalf of their client in the Barnett case.

49. Admitted that Defendants did not seek Plaintiff's authorization to attach to a court filing a document already part of the public record of a federal court; denied that any such authorization was required.

50. Denied.

51. Denied.

52. Defendants deny information and belief sufficient to admit or deny when Plaintiff learned of the September 23, 2022 filing; otherwise denied.

53. Defendants deny information and belief sufficient to admit or deny the allegations set forth in this paragraph.

54. Denied, except that Defendants respectfully refer the Court to the docket entry and the motion referenced in this paragraph.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59.    Admitted that Defendants received a letter dated on or about October 9, 2025, to which the Court is respectfully referred; otherwise denied.

60.    Admitted that Defendants responded by letter on or about October 9, 2025, to which the Court is respectfully referred; otherwise denied.

61.    No response is required to this paragraph, which consists of argument and quotes a rule of evidence. To the extent a response is required, denied.

62.    Denied.

63.    Admitted that Defendants assert fair use as a defense; otherwise denied.

64.    Denied.

65.    No response is required to this paragraph, which consists of argument. To the extent a response is required, denied.

66.    No response is required to this paragraph, which consists of argument. To the extent a response is required, denied.

67.    No response is required to this paragraph, which consists of argument. To the extent a response is required, denied.

68.    Denied.

69.    Denied.

70.    Denied.

## COUNT 1: COPYRIGHT INFRINGEMENT
## UNDER 17 U.S.C. §§ 101 ET. SEQ.

71.    Defendants incorporate the foregoing responses to the allegations of the Complaint as if fully set forth herein.

72.    Denied, except that Defendants admit that the records of the United States Copyright Office reflect a registration bearing number TX0009206911.

73. Admitted that the records of the United States Copyright Office reflect that Registration No. TX0009206911 issued with an effective date of December 8, 2022, which postdates the conduct alleged in the Complaint; otherwise denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

**WHEREFORE**, Defendants request that the Court dismiss the Complaint with prejudice.

## JURY TRIAL DEMANDED

82. Admitted that Plaintiff demands a trial by jury. Defendants likewise demand trial by a jury as to all issues amenable thereto.

## RELIEF REQUESTED

83. No response is required to Plaintiff's prayer for relief, including subparagraphs A through F thereof. To the extent a response is required, denied, and Defendants deny that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants engaged in no act within the scope of any exclusive right under 17 U.S.C. § 106. Submitting to a federal court, in the course of a judicial proceeding, a document already contained in the public records of the federal courts is not a distribution of copies to the public, a public display, or the preparation of a derivative work, and any copy incidental to that submission is not an actionable reproduction.

## THIRD AFFIRMATIVE DEFENSE

Any use of Plaintiff's claimed work was a fair use under 17 U.S.C. § 107. The use was made for a judicial purpose in a criminal proceeding and not to exploit the work's expressive value; the work is predominantly factual and functional; the work had already been published on the public docket of the same court system; and the use caused no cognizable harm to any market for or value of the work.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part by the three-year limitations period of 17 U.S.C. § 507(b). The filing complained of was made on September 23, 2022 on a public federal court docket, and this action was not commenced until October 20, 2025. Plaintiff knew or, in the exercise of reasonable diligence, should have known of the filing more than three years before this action was commenced.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover statutory damages or attorney's fees because the claimed registration postdates the commencement of the alleged infringement and was not made within three months after first publication of the work.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual damages, and no infringer's profits are attributable to the conduct alleged. Plaintiff's asserted damages rest on a hypothetical license fee that Defendants would never have paid and that no market required them to pay, and are speculative and not recoverable.

### SEVENTH AFFIRMATIVE DEFENSE

Punitive damages are not available under the Copyright Act.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim, as applied, is barred by the First Amendment to the United States Constitution and by the public's common-law and constitutional right of access to judicial records. A copyright owner who places a work on the public docket of a federal court may not invoke the Copyright Act to charge litigants and counsel a toll for presenting that public record to a court.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim, as applied, is barred by the Fifth and Sixth Amendments to the United States Constitution. Imposing civil liability on criminal defense counsel for placing before the court a document already in the public record would burden the accused's rights to due process, to compulsory process and to the effective assistance of counsel.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff authorized publication of the claimed work on the public docket of the United States District Court for the District of Columbia for the express purpose of its use in support of motions to transfer venue in prosecutions arising out of the events of January 6, 2021. Any use by Defendants was authorized, consented to, or made under an express or implied license, and

Plaintiff's claim is barred by the doctrines of prior publication, authorization, consent, implied license and abandonment.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of copyright misuse. Plaintiff seeks to extend the limited monopoly of the Copyright Act beyond its lawful scope, and contrary to public policy, by asserting control over the use of public judicial records and demanding payment from litigants and their counsel as a condition of participating in judicial proceedings.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrines of unclean hands, waiver, estoppel, acquiescence and laches, and any recovery must be reduced by Plaintiff's failure to mitigate.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants have not knowingly or intentionally waived any applicable defense and reserve the right to assert additional defenses that become available or apparent during this action, including through discovery, and to amend or supplement this Answer accordingly.

**WHEREFORE**, Defendants request that the Court dismiss the Complaint with prejudice and an award of costs, fees and such other relief as this Court may deem just and equitable.

COLEMAN LAW FIRM, PC

By: _____

Ronald D. Coleman
1430 Broadway, Ste. 1802
New York, NY 10018
973-264-9611
rcoleman@colemanlaw-pc.com

10

*Attorneys for Defendants McBride Law*
*Firm, PLLC and Joseph D. McBride*

Dated: August 3, 2026

## JURY DEMAND

Defendants hereby demand trial by a jury as to all issues amenable thereto.

COLEMAN LAW FIRM, PC

By: _____
        Ronald D. Coleman
1430 Broadway, Ste. 1802
New York, NY 10018
973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendants McBride Law*
*Firm, PLLC and Joseph D. McBride*

Dated: August 3, 2026